**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GABRIELA BRAVO CARRERA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1064-J** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

# REPORT AND RECOMMENDATION

Petitioner Gabriela Bravo Carrera, a citizen of Mexico proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging her detention by the U.S. Immigration and Customs Enforcement ("ICE").[2] (Doc. 1).[3] United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 7). In accordance with the expedited briefing schedule, (Doc. 8), Respondents timely filed a Response. (Doc. 10). Petitioner timely filed a Reply. (Doc. 11). For the reasons

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner is housed at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 1).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

set forth below, the undersigned recommends that the Court find that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and entitled to a bond hearing under that statute. However, the undersigned recommends that the Petition (Doc. 1) be **DENIED as moot** because Petitioner has now received a bond hearing.

## I. Factual Background and Procedural Posture

Petitioner is a citizen of Mexico who entered the United States at an unknown time and place without admission or parole. (Doc. 10, at Ex. 1). Petitioner was arrested for assault in Fort Worth, Texas, on September 9, 2025. (*Id*. at Ex. 2, at 2). Petitioner was transferred into ICE custody on September 11, 2025. (*Id*. at 4). That day, ICE instituted removal proceedings against her through issuance of a Notice to Appear ("NTA"), alleging she was an alien present in the United States who had not been admitted or paroled. (Doc. 10, at Ex. 1).

On November 19, 2025, an immigration judge ordered Petitioner removed to Mexico. (Doc. 1, at Ex. 9, at 4). The Petitioner appealed to the Board of Immigration Appeals ("BIA"), (*id*. at 5), and also filed a motion to remand based upon the dismissal of the assault charge, (*id*. at 8-11). The appeal and the motion to remand are pending. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Aug. 12, 2026). Thus, the Petitioner's removal order is not yet administratively final, and her removal proceedings remain ongoing.[4]

---

[4] *See* 8 U.S.C. § 1101(a)(47)(B) (removal orders become administratively final upon the earlier of "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

The Petition was filed on May 5, 2026. (Doc. 1, at 8). Petitioner raised twelve grounds for relief: (1) prolonged and unjustified detention without a bond hearing violates due process; (2) entitlement to an individualized bond hearing; (3) no danger to the community and no risk of flight; (4) violation of the Fifth Amendment of the Constitution; (Doc. 1, at 7-8); (5) irreparable harm to Petitioner and U.S. Citizen children; (6) active immigration proceedings; (7) procedural due process violation; (8) balance of equities; (9) public interest; (10) violation of the Immigration and Nationality Act ("INA"); (11) conditions of confinement and lack of legal access; and (12) likelihood of success on the merits. (Doc. 1, at Ex. 24, at 1-3). These overlapping grounds state three distinct claims for relief: (1) Petitioner's detention without a bond hearing violates the INA; (2) her detention without a bond hearing violates due process; and (3) a conditions-of-confinement claim. As relief, Petitioner requests immediate release from custody or, alternatively, an "emergency individualized bond hearing before an immigration judge" within 72 hours. (Doc. 1, at 7; *id*. at Ex. 24, at 3).

Respondent's initial response argued that Petitioner was properly detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A); that Petitioner's detention comports with due process; that any habeas relief should be confined to a bond hearing, not release; and that the court lacks jurisdiction to consider a conditions-of-confinement claim. (Doc. 10). Petitioner's Reply responded to these arguments and also argued that at "any bond hearing ordered by this Court . . . Respondents [must] justify continued detention with evidence showing that Petitioner presently poses a danger to the community or a risk of flight." (Doc. 11, at 5). Petitioner also clarified that she "does not present conditions of

confinement as a standalone civil-rights action seeking damages or broad institutional reform" and "asks the Court to consider conditions only insofar as they bear on access to the courts, due process, and the legality of continued detention." (*Id*. at 7).

On August 5, 2026, Respondents notified the Court that an immigration judge held a custody redetermination hearing on July 31, 2026. (Doc. 25, at 1). The immigration judge denied bond "[a]fter full consideration of the evidence presented" because Petitioner "did not establish not a flight risk." (*Id*. at Ex. 1, at 1). Petitioner reserved the right to appeal by August 31, 2026. (*Id*. at 2). Respondents conceded that *Santillan* "*Quiroz v. Mullin*, [180 F.4th 1226 (10th Cir. 2026)], is controlling in this case" and then argued that "Petitioner was entitled to a bond hearing - and Petitioner received a bond hearing. As such, the Petition and pending motions are moot." (*Id*. at 2).

## II. Because 8 U.S.C. § 1226 Governs Petitioner's Detention, She Is Entitled To A Bond Hearing; Such a Hearing Was Conducted, and Further Relief is Unavailable in this Court.

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)). So, a case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified). The undersigned agrees with

Respondents that Petitioner's detention is governed by 8 U.S.C. § 1226, such that she was entitled to a bond hearing at the outset of her detention. *See Santillan Quiroz,* 180 F.4th at 1237 (holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Petitioner has now been granted that bond hearing; thus, the Court cannot grant the primary request for relief presented by her Petition, and her claims are moot to the extent that they seek a bond hearing.[5]

To the extent that Petitioner may complain that the burden of proof should have been placed on the government at her bond hearing, (*see* Doc. 11, at 5), this Court has repeatedly denied such a claim. *See e.g., Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) ("[This] court has previously determined the Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing.") (citing *Singh v. Mullin*, CIV 26-712-HE, Doc. 13, at 6 (W.D. Okla. June 18, 2026) ("[T]he court concludes petitioner is not entitled, as a matter of Fifth Amendment Due Process, to a hearing at which the burden of proof is on the government."); *Adediran v. Figueroa*, No. CIV-26-801-J, Doc. 15, at 5 (W.D. Okla. July 24, 2026) (addressing request for burden shifting and finding, "[a]bsent binding authority resolving this issue, and because Petitioner's request would substantially alter the existing framework, the Court declines to hold on this limited record that due

[5] Petitioner also requested immediate release from custody. However, the Tenth Circuit found that a bond hearing is the appropriate remedy for non-citizens such as Petitioner. *Santillan Quiroz*, 180 F.4th at 1251 n.13.

process requires a different procedure"); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026) ("Balancing all three factors, the Court agrees with the Fourth and Ninth Circuits in concluding that, at least on the facts of this case, § 1226(a)'s existing bond procedures supply adequate process.").

To the extent that Petitioner would seek to challenge the immigration judge's decision to deny bond, this Court cannot address such a claim. Congress has withdrawn from the federal courts the authority to review discretionary custody determinations made under § 1226. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole"). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (citing *Valeriano v. Soto*, No. CV 25-16100 (MAS), 2026 WL 63710, at *2 (D.N.J. Jan. 8, 2026) ("Where an immigration judge makes a ruling as to granting or denying bond under § 1226(a), . . . the Court has no jurisdiction to second guess or reconsider the immigration judge's decision.")); *Perez v. Holt*, No. CIV-25-1151-SLP, 2026 WL 597126, at *6 (W.D. Okla. Mar. 3, 2026) ("Thus, the Court finds that the IJ relied on evidence in the record to make a discretionary decision to deny Petitioner bond; therefore, this Court lacks subject matter jurisdiction to review that decision.").

## IV. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Court find that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and entitled to a bond hearing. However, the undersigned recommends that the Petition (Doc. 1) be **DENIED as moot** because Petitioner has already received a bond hearing, and on these facts the Court can grant no further relief. The undersigned further recommends that Petitioner's pending motions (Docs. 3, 4, 16, 17, 18, 19, 21) be **denied as moot.**

**The Court advises the parties of their right to object to this Report and Recommendation by August 27, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 13th day of August, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE